## UNITED STATES

### v.

**Stephen Dewayne McCASLIN, 441 64 6436, Mess Management Specialist Seaman Apprentice (E–2), U. S. Navy.**

NCM 78 1380.

U. S. Navy Court of Military Review.

Sentence Adjudged 23 May 1978.

Decided 28 Feb. 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

PER CURIAM:

Appellant was convicted at a special court-martial bench trial of 12 periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced on 23 May 1978 to reduction to pay grade E–1, confinement at hard labor for 60 days, and a bad-conduct discharge.

At trial, the defense contended and the Government conceded that appellant spent

46 days in illegal pre-trial confinement. Accordingly, the military judge ordered an administrative credit of 46 days to be applied against appellant's adjudged sentence. *United States v. Larner*, 1 M.J. 371 (C.M.A. 1976). In taking his action on the record, the convening authority applied this 46-day credit, and subsequently appellant was released from post-trial confinement on 3 June 1978.

Appellant contends, and the Government concedes, that appellant should have been credited with good conduct time for this 46 days, that had he been given such credit he would have been released from confinement 8 days earlier, and that since he was not given such credit, the final 8 days of his confinement at hard labor were illegal. We concur that appellant should have received credit for good time.

As we understand the *Larner* rule, appellant's 46 days of illegal pretrial confinement should be subtracted from the date upon which he was sentenced, thus providing the artificial sentence-commencement date from which all subsequent computations are based. *See United States v. Heard*, 3 M.J. 14, 22 (C.M.A.1977). Appellant is then entitled to good time credit from this constructive date. Using this formula, we conclude that appellant should have been released a week earlier than he was. He has served this time, however, and true relief, *i. e.,* freedom from incarceration, cannot be given. Further, we only presume that appellant would have earned good time during the 46 days with which he is credited. The possible prejudice to appellant from the error in computation is relatively minor, and no further relief is deemed appropriate.

The findings and sentence, as modified below, are affirmed.